UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS VALENZUELA, | No. 2:16-cv-1814 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA STATE PRISON, SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a document the court construes as a complaint seeking injunctive relief as well as damages under 42 U.S.C. § 1983.  Plaintiff also seeks permission to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge.  See 28 U.S.C. § 636(c).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has conducted the required screening and finds that plaintiff's complaint states a claim upon which plaintiff may proceed under the Eighth Amendment for denial of medical care against defendant Bodenhamer. With respect to the other claims and defendants identified in plaintiff's complaint, plaintiff's complaint fails to state a claim upon which relief can be granted.

At this point, plaintiff has two options: 1) he may either proceed on his claim against defendant Bodenhamer; or 2) attempt to cure the deficiencies with respect to other claims in an amended complaint.

If plaintiff chooses to amend, plaintiff is informed as follows:

1. Generally speaking, the Eleventh Amendment bars suits for damages brought by private individuals under 42 U.S.C. § 1983 against states, or state officers acting in their official capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-71 (1989).

2. In order to state a claim for damages, plaintiff must allege facts indicating a causal connection between the actions of a defendant and the injury sustained by plaintiff. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3. Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a).

4. Plaintiff has no constitutional right to a prison grievance procedure. Ramirez v. Galazza, 334 F.3d 850, 860 (9th Cir. 2003).

5. Denial or delay of medical care may constitute a violation of a prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A prison official is liable

1  under the Eighth Amendment for damages when a prisoner-plaintiff suffers injury resulting from
2  the official's deliberate indifference to serious medical needs.  Id.

3       Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
4  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
5  complaint be complete in itself without reference to any prior pleading.  This is because, as a
6  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10      In accordance with the above, IT IS HEREBY ORDERED that:

11      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No.12) is granted.

12      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
13  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
14  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
15  California Department of Corrections and Rehabilitation filed concurrently herewith.

16      3. Plaintiff is granted thirty days to file an amended complaint.  If plaintiff does not file an
17  amended complaint within 30 days, this action will proceed on plaintiff's claim arising under the
18  Eighth Amendment against defendant Bodenhamer and all other defendants and claims will be
19  dismissed.

20  Dated:  January 5, 2017

                                                    _____
                                                    CAROLYN K. DELANEY
                                                    UNITED STATES MAGISTRATE JUDGE

---

1
vale1814.14